USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 11/13/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

CHRISTOPHER PENA,

        Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS TO
SPECIFIC PROPERTY

S1 25 Cr. 177 (AT)

      WHEREAS, on or about October 9, 2025, CHRISTOPHER PENA (the "Defendant"), among others, was charged in a two-count Superseding Indictment, S1 25 Cr. 177 (AT) (the "Indictment"), with conspiracy to distribute narcotics, in violation of Title 21, United States Code, Section 846 (Count One); and firearm use, carrying, and possession, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and 2 (Count Two);

      WHEREAS, the Indictment included a forfeiture allegation as to Count One of the Indictment, seeking forfeiture to the United States, pursuant to Title 21, United States Code, Section 853, of any and all property constituting, or derived from, any proceeds obtained, directly or indirectly, as a result of the offense charged in Count One of the Indictment and any and all property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of the offense charged in Count One of the Indictment, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of the offense charged in Count One of the Indictment;

      WHEREAS, the Indictment also included a forfeiture allegation as to Count Two of the Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 924(d)(l), of any and all firearms and ammunition involved in or used in or intended to be

used in the offense charged in Count Two of Indictment, including but not limited to the following property seized from the Defendant on or about April 18, 2025:

    a.    One Ruger, LCP, 380 caliber firearm bearing serial number 372357841;

    b.    One Smith & Wesson, Bodyguard, 380 caliber firearm bearing serial number EBT8745;

    c.    Fifty black shells of Remington 16 gauge ammunition;

    d.    Twenty-two red shells of Winchester 16 gauge ammunition;

    e.    Fifteen green shells of Remington 16 gauge ammunition; and

    f.    Twelve rounds of Blazer Auto 380 caliber ammunition (the "Blazer Ammo");

(a. through e., collectively, the "Subject Property");

WHEREAS, on or about November 10, 2025, the Defendant pled guilty to Counts One and Two of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegations with respect to Counts One and Two of the Indictment;

WHEREAS, the Blazer Ammo is more accurately described as:

    a.    Three rounds Winchester Auto 380 caliber ammunition;

    b.    Three rounds Sig Sauer Auto 380 caliber ammunition;

    c.    Two rounds Blazer Auto 380 caliber ammunition;

    d.    Two rounds RWS ACP 380 caliber ammunition; and

    e.    Two rounds CBC Auto 380 caliber ammunition

(a through e., collectively, the "Assorted Ammo");

WHEREAS, the Government identified the following additional ammunition that was seized on or about April 18, 2025:

    a.    One (1) 6 Round Ruger Magazine; and

    b.    One (1) 6 Round Smith and Wesson Magazine

(a. and b., together, with the Subject Property and the Assorted Ammo, the "Specific Property");

WHEREAS, the Defendant consents to the forfeiture of all his right, title and interest in the Specific Property, which constitutes property involved in or used in or intended to be used in the offense charged in Count Two of the Indictment; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorney William K. Stone, of counsel, and the Defendant and his counsel, Neil. P. Kelly, Esq., that:

1.    As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2.    Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant

CHRISTOPHER PENA, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property, the United States (or its designee) is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

10. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: _____          October 29, 2025
    WILLIAM K. STONE                          DATE
    Assistant United States Attorney
    26 Federal Plaza
    New York, NY 10278
    (212) 637-2321


CHRISTOPHER PENA

By: /s/Christopher Pena/NPK _____   11/5/2025
    CHRISTOPHER PENA                          DATE

By: _____          11/5/2025
    NEIL P. KELLY, ESQ.                       DATE
    Attorney for Defendant
    52 Duane Street
    New York, NY 10007


SO ORDERED:

_____              11/13/2025
HONORABLE ANALISA TORRES                      DATE
UNITED STATES DISTRICT JUDGE